# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTARA MICHELLE,<br><br>                      Plaintiff,<br><br>vs.<br><br>ARCTIC ZERO, INC.,<br><br>                      Defendant. | CASE NO. 12cv2063-GPC(NLS)<br>CASE NO. 12cv2284-GPC(NLS)<br>CASE NO. 12cv2279-GPC(NLS)<br>CASE NO. 12cv2544-GPC(NLS)<br>CASE No. 12cv2593-GPC(NLS)<br>CASE No. 12cv2647-GPC(NLS)<br><br>**ORDER GRANTING PLAINTIFF MICHELLE'S MOTION TO CONSOLIDATE CASE AND TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND DENYING PLAINTIFFS GERTLER FREEMAN KAPLAN AND HILLER'S CROSS-MOTION TO APPOINT INTERIM LEAD COUNSEL AND APPROVE LEADERSHIP STRUCTURE**<br><br>[Dkt. Nos. 21, 29.] |

      Before the Court are Plaintiff Michelle's motion to consolidate and appoint interim co-lead class counsel and Plaintiffs Gertler, Freeman, Kaplan and Hiller's cross-motion for appointment of interim class counsel and approval of leadership structure. (Dkt. Nos. 21, 29.) The motions are

submitted on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). After a review of the briefs, supporting documentation, and applicable law, the Court GRANTS Plaintiff Michelle's motion to consolidate cases and motion to appoint Duckor Spradling Metzger & Wynne and Paris Ackerman & Schmierer, LLP as interim co-lead class counsel; and DENIES Plaintiffs Gertler, Freeman, Kaplan and Hiller's cross-motion for appointment of interim class counsel and approval of leadership structure.

**Procedural Background**

On August 21, 2012, Plaintiff Altara Michelle filed a class action complaint against Defendant Arctic Zero, Inc. concerning deceptive and unfair advertising, promotion and sale of its line of Arctic Zero "low calorie" frozen desserts in case no. 12cv2063. On September 18, 2012, Plaintiff Brenda Freeman filed a similar class action complaint in case no. 12cv2279. On September 19, 2012, Plaintiff Lori-Ann Gertler filed a similar class action complaint in case no. 12cv2284. On October 19, 2012, Plaintiff Judy Kaplan filed a similar class action complaint in case no. 12cv2544. On October 24, 2012, Plaintiff Susane Hiller filed a similar class action complaint in case no. 12cv2593. On October 31, 2012, Plaintiff Zoya Kai filed a similar class action complaint in case no. 12cv2647.

On October 29, 2012, Plaintiff Michelle filed a motion to consolidate and a motion to appoint Duckor Spradling Metzger & Wynne, ALC ("DSMW") and Paris Ackerman & Schmierer, LLP ("PAS") as interim co-lead class counsel. (Dkt. No. 21.) On November 19, 2012, Plaintiffs Lori-Ann Gertler, Brenda Freeman, Judy Kaplan and Susane Hiller filed an opposition. (Dkt. No. 28.) They also cross moved to appoint Bursor & Fisher, P.A. ("B&F") as interim lead class counsel; Scott+Scott, LLP as Liaison Counsel; and the firms of Faruqi & Faruqi, LLP, Stephen Zouras LLP and Lexington Law Group as members of an executive committee.

Plaintiffs Gertler, Freeman, Kaplan and Hiller's agree that consolidation is appropriate. On November 19, 2012, Defendant filed a statement of non-opposition to motion to consolidate and appoint interim co-lead counsel. (Dkt. No. 30.) Defendant supports consolidation of all six cases as it will further judicial economy and conserve party resources. (Id.) Defendant also takes no position as to the Plaintiffs' request to appoint "interim class counsel." (Id.)

On December 3, 2012, Plaintiff Michelle filed a reply and opposition to Plaintiff Freeman,

Gertler, Kaplan and Hiller's cross-motion to appoint interim lead class counsel. (Dkt. No. 32.) On January 4, 2013, Plaintiffs Gertler, Freeman, Kaplan and Hiller filed a reply to their cross-motion for appointment of interim class counsel. (Dkt. No. 37.)

**Discussion**

**I.   Motion for Appointment of Interim Lead Class Counsel**

Prior to class certification, the Court may designate an interim counsel on behalf of a putative class. Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." White v. TransUnion, LLC, 239 F.R.D. 681, 683 (C.D. Cal. 2006) (citing Manual for Complex Litigation § 21.11 (4th ed. 2004)). While Rule 23(g)(1) applies to class counsel and does not address interim class counsel, courts look to Rule 23(g)(1) factors to appoint interim class counsel. See Parkinson v. Hyundai Motor Am., No. CV06-345AHS(MLGX0, 2006 WL 2289801, at *2 (C.D. Cal. 2006); In re Air Cargo Shipping Servs., Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006).[1]

In making this determination, the court considers: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

If a number of lawyers compete for class counsel appointment, "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class

---

[1] The Manual for Complex Litigation provides different approaches to select class counsel. First, there is the "private ordering" approach where the attorneys agree who should be lead class counsel and the court approves the selection after a review. Manual for Complex Litigation § 21.272. Second, the "selection from competing counsel" where the court selects counsel, who are unable to agree, based on the examination of the factors in Rule 23(g)(1)(C). Id. Third, there is a "competitive bidding" process that is novel and experimental and have been used for antitrust and securities cases. Id. As the parties do not agree who should be lead counsel, the Court uses the factors in Rule 23(g)(1)(C) to make its determination.

certification, and negotiating settlement." Manual of Complex Litigation § 21.11. If the parties do not stipulate to class counsel, the court will need to select and designate class counsel. Id.

### A.     Identifying or Investigating Potential Claims

Since August 2012, DSMW and PAS have worked cooperatively, efficiently dividing the research and work among counsel. They conducted pre-filing due diligence; public source investigation; and interviewed Plaintiff, other consumers and other witnesses. They also engaged a laboratory to perform independent testing of Defendant's products as to caloric content.

Specifically, they have analyzed the resulting test data, held a conference call with defense counsel to share those results, and provided the lab results to defense counsel for evaluation. They obtained information about Defendant's manufacturing process and testing methodology, and investigated the propriety of the caloric testing methodology employed by Defendant with lab personnel. They subpoenaed records from the laboratory that performed testing for the "Today Show,"[2] analyzed these resulted, and subpoenaed records from the "Today Show" for all notes, interviews, research, communications or documents related to the segment. In addition, they claim to be the first to file claims against Arctic Zero.[3] Moreover, they served Defendant with a Consumer Legal Remedies Act Notice and right to cure on August 31, 2012 but Defendant took no corrective action. As a result of this notice, Michelle and the entire class will be entitled to CLRA damages upon amendment. They also interviewed putative class members from several states regarding their

---

[2] According to Plaintiffs Gertler, Freeman, Kaplan and Hiller, on August 20, 2012 a "Rossen Report" on NBC's Today Show revealed that tests by EMSL, a food laboratory, determined the caloric content of Defendant desserts were as much as 68% more than stated on the product packaging.

[3] The parties dispute the relevance of first-to-file regarding the selection of interim class counsel. The Ninth Circuit has not made a ruling on this issue. It appears that first-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker. See Richey v. Ells, 12cv1831-WJM-MEH, 2013 WL 179234 (D. Colo. Jan. 17, 2013) (since all firms were more than qualified to handle the action, court appointed counsel who first filed the case) (citing Biondi v. Scrushy, 820 A.2d 1148, 1159 (Del. Ch. 2003); Moradi v. Adelson, 11cv490-GMN-RJJ, 2011 WL 5025155, *3 (D. Nev. Oct. 20, 2011); Cf. Nowak v. Ford Motor Co., 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("first to file" by itself has little to do with who is best qualified to lead the case in case where the balance tipped in favor of a particular firm). Statutorily, the Private Securities Litigation Reform Act ("PSLRA") discourages the selection of lead counsel based on the "first to file" rule. See Yousefi v. Lockheed Martin Corp., 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999); In re Century Business Servs. Secs. Litig., 202 F.R.D. 532, 536–37 (N.D. Ohio 2001); In this case, as discussed below, the balance tips in favor of DSMW and PAS. Therefore, first to file is not a relevant factor in determining interim class counsel.

experiences with the product.

B&F states it has conducted an extensive investigation of potential claims by collecting information about Defendant's misrepresentation. It has reviewed documents and corresponded with and interviewed class members; commissioned laboratory testing to confirm the calorie content of Defendant's products; conducted a thorough search of publicly available resources with a focus on caloric claims; corresponded and coordinated with counsel for other Plaintiffs and Defendant regarding potential claims and related to consolidation and/or coordination of the related actions.

All Plaintiffs filed their complaints within two months of each other. Since the beginning of these cases, DSMW and PAS have shown they have invested more time and resource than B&F into prosecuting this action. Accordingly, this factor favors DSMW and PAS.

**B.    Experience in Handling Class Actions, Other Complex Litigation, and the Types of Claims Asserted in the Action**

This factor does not favor one firm over another as all the firms have extensive experience handling class actions and complex litigation related to consumer protection.

**C.    Knowledge of Applicable Law**

Similarly, since all firms are involved in complex litigation and class actions concerning consumer protection, all the firms have extensive knowledge about the applicable law.

**D.    Resources that Counsel will Commit to Representing the Class**

DSMW and PAS state they will devote significant human and financial resources to represent the interests of the proposed class. Each firm has committed multiple lawyers to the case and has maintained a staff of paralegals and support staff. B&F states it will staff the case with experienced lawyers who have substantial expertise and work-product developed from other similar cases. It also has the resources and personnel necessary to purse this case. Both firms have personnel and financial resources to represent the class.

Based on a review of the factors above, DSMW and PAS has demonstrated they have conducted more research and investigation in developing the case. Accordingly, the Court concludes that DSMW and PAS would fairly and adequately represent the interests of the class.

////

## II.   Executive Committee and Liaison Counsel

Plaintiffs Gertler, Freeman, Kaplan and Hiller seek to appoint Scott+Scott as liaison counsel and to appoint an Executive Committee comprising of three law firms: Faruqi & Faruqi; Stephan Zouras and Lexington Law Group.

According to the Manual of Complex Litigation, executive committees

> are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making. The court or lead counsel may task committees with preparing briefs or conducting portions of the discovery program if one lawyer cannot do so adequately. Committees of counsel can sometimes lead to substantially increased costs, and they should try to avoid unnecessary duplication of efforts and control fees and expenses.

Manual for Complex Litig., § 10.221.  In one case, a court agreed to appoint liaison counsel, in addition to interim lead counsel, to represent the possibly diverging interests of a putative class which has brought some separate, "non-overlapping" claims.  Medlock v. Taco Bell Corp., CV-F-09-1314 OWW/DLB, 2009 WL 1444343, at *7 (E.D. Cal. May 19, 2009).

In support of their request, Plaintiffs assert that the proposed structure with one interim lead counsel, one liaison counsel, and a three-firm executive committee "will efficiently serve the needs of both the Class and the Court."  Plaintiffs do not address whether the interests of the class diverge or are dissimilar.  The Court also notes that while these cases are class actions, the substantive legal and factual issues are not complex.  The Court concludes that Plaintiffs have failed to demonstrate that the appointment of a three-firm Executive Committee or Liaison Counsel to prosecute this action is warranted.  See Manual for Complex Litigation § 10.221.

Second, there has been no showing that the interests of efficiency and economy are best served by appointing a three-firm Executive Committee. Plaintiff has not demonstrated that a committee of counsel is necessary to effectively and efficiently prosecute this action, while avoiding unnecessary costs and duplication of efforts.  See Manual for Complex Litig., § 10.221 (noting that "Committees of counsel can sometimes lead to substantially increased costs").  Accordingly, Plaintiffs' request for appointment of a Liaison Counsel and a three-firm Executive Committee is DENIED.

## III.   Motion to Consolidate

The parties do not dispute consolidation of all six cases because the actions are substantially

similar and raise identical questions of law and fact and consolidation will serve the interests of efficiency and judicial economy. See Fed. R. Civ. P. 42(a). Under Federal Rule of Civil Procedure 42(a), this Court can consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court concludes that all six cases raise similar questions of law and fact. Accordingly, the Court GRANTS Plaintiff Michelle's motion to consolidate.

### Conclusion

Based on the above, the Court GRANTS Plaintiff Michelle's motion to appoint Duckor Spradling Metzger & Wynne, ALC and Paris Ackerman & Schmierer, LLP as interim co-lead class counsel. The Court also GRANTS Plaintiff Michelle's motion to consolidate.

The cases of Altara Michelle v. Arctic Zero, Inc., No. 12-cv-2063-GPC-NLS (S.D. Cal. Filed August 21, 2012); Brenda Freeman v. Arctic Zero, Inc., No. 12-cv-2279-GPC-NLS (S.D. Cal Filed September 18, 2012); Lori-Ann Gertler v. Arctic Zero, Inc., 12-cv-02284-GPC-NLS (S.D. Cal. Filed September 19, 2012); Judy Kaplan v. Arctic Zero, Inc., No. 12-cv-2544-GPC-NLS (S.D. Cal. Filed October 19, 2012; Susane Hiller v. Arctic Zero, Inc., No. 12-cv-2593-GPC-NLS (S.D. Cal. Filed October 24, 2012); and Kai v. Arctic Zero, Inc., No. 12-cv-2647-GPC (S.D. Cal. Filed October 31, 2012) are hereby consolidated under the docket number 12-cv-2063-GPC-NLS (Altara Michelle matter). The Court DIRECTS the parties to make all future filings solely in Case No. 12cv2063-GPC(NLS) and bear the caption: "In re Arctic Zero, Inc."

The Court further DENIES Plaintiffs' cross motion to appoint Bursor & Fisher, P.A. as Interim Lead Class Counsel; Scott+Scott LLP as Liaison Counsel; and appoint an executive committee composed of Faruqi & Faruqi LLP, Stepphan Zouras LLP and Lexington Law Group.

IT IS SO ORDERED.

DATED: March 1, 2013

_____
HON. GONZALO P. CURIEL
United States District Judge